Christ, J.
(concurring). I concur for reversal. The covenant in the defendant’s deed to erect only a single residence on one plot is between the grantor and grantee named in the deed. But this ease turns on whether other grantees of the common grantor may enforce the covenant against the defendant. We must determine, in order to answer this question, whether there is a common scheme and plan for the development of the land in respect to this covenant. There is not sufficient definiteness in my opinion to sustain its enforcement. In Bristol v. Woodward (251 N. Y. 275, 283) Chief Judge Cardozo said: “ The scope of the community scheme * * * was as much undisclosed as if the project were still locked in the brain of the projector. * * * Servitudes do not result by implication from a subjective state of mind.” There never was any plan or layout of this tract filed or exhibited which gave to the plaintiffs a right to command the nature of the development as to streets and lots. The common grantor, Garber Lake Realty Corp., at all times retained full control to make the lot lines and the sizes of the plots and it had the right to alter them at will. The plaintiffs never had the right to compel Garber to lay out the development in any specific manner as to size or shape of plots. Garber could have sold plots in acreage, with great irregularity, or it could have set up lots 20 by 100 feet. The requirement of one residence on one plot did not give plaintiffs any control over the character of the development, but this was left fully and wholly to Garber. The very parcel which is under consideration in this case could have been divided by Garber into two parcels, one with the house and one with the barn, and the restriction as to one house on one plot in such circumstances would have brought the very development which the defendant here contemplates. The plaintiffs’ rights against the defendant can be no higher than they would have been against *249 G-arber. The covenants as to residential nse and the exclusion of business uses do not depend on the size and shape of the plots and, although that question is not before us for decision, I do not determine that the restrictions as to residential use and the exclusion of business use are not enforcible by plaintiffs. These covenants are of a different nature. The reasoning of this opinion is not necessarily applicable to them.